# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Pamela Elliott-Lupo and Trent Lupo,<br><br>        Plaintiffs,<br>    v.<br><br>Noah Transportation, Inc. and Yagya Shahi,<br><br>        Defendants. | Case No. 2:25-cv-668-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Plaintiffs' motion to compel discovery. (Dkt. No. 13). Defendants responded (Dkt. No. 15), and Plaintiffs replied (Dkt. No. 16). For the reasons set forth below, the Court grants in part and denies in part the motion.

I.  **Background**

Plaintiffs' claims arise from an accident that occurred on April 4, 2023, when a 2017 Freightliner tractor operated by Defendant Shahi while in the employment of Defendant Noah Transportation collided with Plaintiffs' RV while traveling southbound on Interstate 95 near St. George, South Carolina. (Dkt. No. 1-2, ¶¶ 8-10). Plaintiffs allege negligence as to all Defendants and negligent supervision as to Defendant Noah Transportation. (*See generally* Dkt. No. 1-2).

Plaintiffs aver that Defendants' responses to Plaintiffs' requests for production and interrogatories were due on April 28, 2025, yet remain deficient despite Defendants' responses dated May 1, 2025, May 8, 2025 and June 12, 2025. (Dkt. No. 13 at 1; *see also* Dkt. No. 13-1, 13-2, 13-3, 134, 13-5, 13-6). Plaintiffs moved to compel Defendants' responses on June 17, 2025.

II. **Legal Standard**

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs

1

of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'"). The court "must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

### III. Discussion

The Court proceeds with reference to each contested response.

#### A. Defendant Noah Transportation

##### 1. Interrogatory No. 20

Plaintiffs complain that Defendant Noah Transportation did not adequately answer Interrogatory No. 20, which seeks information on the truck's GPS systems and devices. Defendant responded to the interrogatory with reference to five pages of its document production containing driver logs from April 2023 without elaboration. (Dkt. No. 13 at 2-3; Dkt. No. 16 at 1-2). In its response to Plaintiffs' motion to compel, Defendant explained that it "does not have anything

2

beyond the driver logs from the truck." (Dkt. No. 15 at 3). The Court understands this response to mean that the truck did not have a GPS device or system, but **COMPELS** Defendant Noah Transportation to respond to Interrogatory No. 20 with a clear statement as to whether such GPS systems and electronics were maintained in the truck, whether on or before the date of the accident.

### 2. Interrogatory No. 25

The Court understands the dispute over Interrogatory No. 25 to be resolved, but **COMPELS** Defendant Noah Transportation to provide this information in a formal supplemental interrogatory response as requested by Plaintiffs. (Dkt. No. 16 at 2).

### 3. Requests for Production Nos. 14, 18, 27, 33, 38, 49

Defendant notes that it has supplemented these disputed requests. (Dkt. No. 15 at 4). Plaintiffs request that Defendant Noah Transportation be required to verify that nothing additional in response to these requests exist. Plaintiffs further complain that Defendant has not provided responsive information to each subpart of Request for Production No. 27 and may have not provided complete responses to Requests for Production No. 33 and 49. (Dkt No. 16 at 4). To the extent Defendant has not fully responded to Requests for Production Nos. 14, 18, 27, 33, 38 and 49 after making its supplemental production, the Court **COMPELS** Defendant to do so. The Court additionally COMPELS Defendant to verify that no additional unproduced information responsive to these requests exists.

### 4. Request for Production No. 24

Plaintiffs "seek[] driver logs for the first six (6) months prior to the collision and seven (7) days following the collision" to "help provide insight into the dealings and habits of both [Defendants]." (Dkt. No. 16 at 4-5). Plaintiffs further explain that such information is relevant where they believe that Defendant Noah Transportation operated through multiple different

3

entities, including Amazonia Express, LLC, a trucking company that Defendant Shahi was employed by prior to the April 2023 accident that occurred while he was employed by Defendant Noah Transportation. (*Id.* at 5-6). Plaintiffs cite as evidence the fact that these other trucking companies previously shared the same telephone number as Noah Transportation, and allege that the phone numbers were altered after Plaintiffs highlighted this fact to Defendants. (*Id.* at 7).

Defendant claims that they "ha[ve] produced all of the logs for prior to the accident and for the day of the accident that it has" as it "no longer has access" to "the Omnitracs system" where these logs were maintained. (Dkt. No. 15 at 4). Defendant also argues that logs post-dating the incident are irrelevant to this case. (*Id.*). In light of evidence suggesting the intertwined nature of Noah Transportation, Amazonia Express, LLC and R & K Quality Transport, Inc.—all of whom have employed Defendant Shahi—this Court determines that production of such driver logs is relevant to determining key issues in this case, including Defendant Shahi's driving record and whether Defendant Noah Transportation failed to supervise Shahi. The Court **COMPELS** Defendant Noah Transportation to provide all documents responsive to Request for Production No. 24 in its possession, including any such records maintained while doing business as Amazonia Express, LLC and R & K Quality Transport, Inc.

**5. Request for Production No. 25**

Plaintiffs argue that Defendant "failed to fully respond to this request" in its supplemental responses and further contend that they "have reason to believe the very limited hours-of-service log" produced by Defendants "are fraudulent and/or doctored." (Dkt. No. 16 at 2). Plaintiffs highlight issues with the logs, including that they never show Defendant Shahi emerging from the sleeper berth of his tractor between approximately 5:30 a.m. on April 1, 2023 until approximately 10:53 p.m. on April 3, 2023 and show different Tractor IDs on each date. (*Id.* at 3). They also note

that only five pages of a 53-page document was produced and no logs prior to April or after the accident were provided. (*Id.*)

In light of the valid questions surrounding the authenticity of the logs given the discrepancies noted therein in Defendants' production, the Court **COMPELS** Defendant to produce Defendant Shahi's driver logs for the six-month period prior to the collision.

### 6. Request for Production No. 26

Plaintiffs seek "[a] copy of all audits and summaries of Shahi's hours of service covering the period beginning one year prior to the Subject Incident and ending 14 days following the Subject Incident." (Dkt. No. 13-2 at 8). Defendant has produced only audits and summaries of Defendant Shahi's hours of service over the four-day period of April 1-4, 2023. The Court agrees that the request, which seeks one year's worth of audits and summaries of Shahi's hours, is overbroad. However, for the reasons set forth in the Court's rulings on Requests for Production Nos. 24 and 25, the Court **COMPELS** Defendant to produce records responsive to Request for Production No. 26 for the six-month period prior to the collision.

### 7. Request for Production No. 29

Plaintiffs seek data from the tractor that was recorded "before during and after the Subject Incident." (Dkt. No. 13-2 at 10). Defendant contends that it no longer has access to Omnitracs, a transportation management system that Plaintiffs characterize as "provid[ing] a plethora of different products for motor carrier such as video cameras, e-logs, data analysis, and fleet management." (Dkt. No. 16 at 8). In its Response to Request for Production No. 29, Defendant

explains that it also "does not have any information responsive to this request as the truck is no longer in the Defendant's possession." (Dkt. No. 13-2 at 10-11).

"The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). "If a party cannot fulfill this duty to preserve because he does not own or control the evidence, he still has an obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence." *Id.* Defendants failed to do so in this case. The Court **COMPELS** Defendant to verify that it has sought to recover this data from Omnitracs (or the relevant transportation system) and explain why, in its view, the loss of the truck and accompanying data does not constitute spoliation of evidence.

**8. Request for Production No. 63**

Plaintiffs seek "[c]opies of any contract under which your company was operating the truck in question at the time of the Subject Incident." (Dkt. No. 13-2 at 19). Defendant explains that it "was not carrying any load in the accident" such that "[t]he contract governing the load which was next to be picked up, therefore, is irrelevant . . . ." (Dkt. No. 15 at 8). It also expresses confidentiality concerns with producing the contract. (*Id.*). Plaintiffs maintain that the contract at issue "is important for many reasons," including "evidence of potential other parties that may be liable," "that Defendants were operating under another company's authority at the time of the

collision," or "lead to evidence that provides a basis for the driver logs appearing to be falsified." (Dkt. No. 16 at 14-15).

The Court considers that the contract is relevant to the issues in this case, and **COMPELS** Defendant to produce the relevant contract. The Parties may move for a confidentiality order governing the confidential documents.

### B. Defendant Shahi

#### 1. Interrogatories Nos. 4, 5, 6

Plaintiffs argue that Defendant Shahi's answers to Interrogatories Nos. 4, 5 and 6 reflect "an intent to avoid full disclosure" where they omit certain information known to Plaintiffs (such as that Shahi was employed by Amazonia Express, LLC and was involved in a motor vehicle collision months prior to the collision at issue). The Court **COMPELS** that he respond to the interrogatories in full and not reserve what he characterizes as "additional granular details" for his deposition. (Dkt. No. 15 at 5; Dkt. No. 16 at 9).

#### 2. Interrogatory No. 15

Plaintiffs ask Defendant to "identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf of Noah, anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose" "[f]or the time period starting 48 hours before the Subject Incident and ending 48 hours after the Subject Incident." (Dkt. No. 13-3 at 5). Defendant claims he has "provided Plaintiffs with text messages related to this incident as well as additional information on the trip Mr. Shahi was driving and the trips in the immediate vicinity of the accident." (Dkt. No. 15 at 5).

7

The Court **COMPELS** Defendant to verify that he has provided every responsive communication from this time period—not just the text messages that he has produced.

   3. Interrogatory No. 17

Plaintiffs complaint that "[w]hile some information has been provided" "[t]he Defendant has not provided responsive information to each aspect of this interrogatory." (Dkt. No. 16 at 10). The Court finds that Defendant failed to fully respond to this interrogatory by only listing the individuals with whom he spoke regarding the Subject Incident and failing to explain "when, why, where, and for what purpose these communications occurred." (Dkt. No. 13-3 at 5).   The Court **COMPELS** Defendant to fully respond to Interrogatory No. 17.

   4. Interrogatories Nos. 21, 23

No dispute remains as to Interrogatories Nos. 21 and 23. (Dkt. No. 16 at 10).  Plaintiffs' motion to compel these interrogatory responses is **DENIED AS MOOT**.

   5. Interrogatories Nos. 31, 32

Plaintiffs claim that Defendant's responses to Interrogatories Nos. 31 and 32 are deficient, arguing that Defendant Shahi should be required to respond to each subpart of Interrogatory Nos. 31 and that he fails to fully respond to Interrogatory No. 32.[1]  (Dkt. No. 16 at 10).  On review of

---

[1] The Court's Order as to Interrogatory No. 32 necessarily compels a response from Defendant Noah Transportation as to Plaintiffs' Request for Production No. 20.

Defendant's responses, the Court agrees. (*See* Dkt. No. 13-3 at 9-10). The Court **COMPELS** Defendant's complete responses to Interrogatories Nos. 31 and 32.

### 6. Requests for Production Nos. 7, 8, 11

No dispute remains as to Requests for Production Nos. 7, 8 and 11. (Dkt. No. 16 at 11). Plaintiffs' motion to compel responses to these requests for production is **DENIED AS MOOT**.

### 7. Requests for Production Nos. 16, 25, 26, 27, 30, 42

Defendant Shahi explains that his responses to these requests "overlap with the responses and supplemental responses of Noah Transportation." Plaintiffs specifically cite Request for Production No. 16, which seeks "[a] copy of all documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years." (Dkt. No. 13-4 at 4). The Court **COMPELS** Defendant Shahi produce information responsive to Request for Production No. 16 as it is potentially relevant to the issues in this case. However, Plaintiffs make no specific argument as to Requests for Production Nos. 25, 26, 27, 30 and 42, and the Court **DENIES** Plaintiffs' motion to compel responses to these requests.

### C. The Claim File

Defendants seek to withhold the entire claim file from production on the grounds that it was prepared in anticipation of litigation and is thus privileged. (Dkt. No. 15 at 6-7). This Court has held that an insurer's claim file is typically not subject to work product preparation "[b]ecause an insurance company has a duty in the ordinary course of business to investigate and evaluate claims made by its insureds" such that "[t]he creation of documents during this process is part of the ordinary course of business of insurance companies." *State Farm Fire & Cas. Co. v. Admiral Ins. Co.*, 225 F. Supp. 3d 474, 483 (D.S.C. 2016). As a result, the claim file is not subject to blanket work product privilege protection. Defendants request that, if the claim file is produced,

only the contents up and until October 23, 2023 be produced because this is the date on which the insurance company denied Plaintiffs' claim—in their view, triggering the litigation process. (Dkt. No. 15 at 7-8). Plaintiffs respond by highlighting that the claims adjuster responded to Plaintiffs' offer of settlement on August 6, 2024, reflecting that the claim was still under evaluation at this time such that documents up until this point remain outside of the work-product privilege. (Dkt. No. 16 at 13-14).

A variety of state courts have recognized that an insurer's materials are not protected by the work product doctrine until either the date on which the adjuster assigned the file to an attorney for the insured's defense, or the date on which a claimant's settlement demand was rejected. (Dkt. No. 13 at 8-9) (citing *Washington v. Brooks*, 2019-CP-07-02844 *citing Langdon v. Champion*, 752 P.2d 999, 1002 (Alaska 1988); *State v. Pavin*, 494 A.2d 834, 838 (N.J. Super. A.D. 1985); *Henry P. Roberts Investments, Inc. v. Kelton*, 881 S.W.2d 952, 956-67 (Tex. App. Corpus Christi 1994)). "[A]ny report or statement made by or to a party's agent (other than to an attorney acting in the role of counsellor), which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the limited privilege of . . . Rule 26(b)(3)." *McDougall v.. Dunn,* 468 F.2d 468, 473 (4th Cir.1972).

Here, the Court finds that the claims adjuster was still evaluating the claim as of August 6, 2024, when she responded to Plaintiffs' offer of settlement by explaining that she had not completed her full investigation into the matter and was still working diligently to complete her view of the claim file. (Dkt. No. 16 at 14). This reflects the claims adjuster was acting not at the direction of defense counsel for the insured, but in the ordinary course of business as a claims examiner. The Court **COMPELS** that Defendants produce the portions of the claim file

responsive to Plaintiffs' Requests for Production Nos. 21 and 23 from Defendant Noah Transportation.

IV.    **Conclusion**

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to compel. (Dkt. No. 13). While the Court in its discretion declines to impose sanctions on Defendants at this time, the Court reiterates Defendants' duty to disclose all relevant information requested by Plaintiffs. Defendants' compelled responses are due within 15 days of this Order. **AND IT IS SO ORDERED**.

       s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 10, 2025
Charleston, South Carolina